# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHAWN BREUNLE,**

**Plaintiff,**

-vs-                                                      **Case No.  6:05-cv-1071-Orl-28KRS**

**CHAPTERS ON PARK, LLC, WALTER
CUMMINGS, JR.,**

**Defendants.**

_____

# ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **MOTION FOR CLERK'S DEFAULT (Doc. No. 8)**
>
> **FILED:**        **September 8, 2005**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff Shawn Breunle asserts that he properly served Defendant Walter Cummings, Jr., with process in this matter on August 15, 2005, by serving "Jane Doe - Mother-in-law" Cummings' "co-resident" at his usual place of abode.  Doc. No. 6 (Affidavit of Service).  Under Florida law, it is well-established that "[t]here must be strict construction of, and strict compliance with, the statutes governing substituted service of process." *Johnston v. Halliday*, 516 So. 2d 84, 85 (Fla. 3rd Dist. Ct. App. 1987).  Specifically, "[p]roof of valid service requires that there be evidence establishing (a) that the address of service was the defendant's usual place of abode, (b) the identity of the person served,

(c) whether that person was over fifteen years of age, (d) whether that person resided at the address of service, and (e) whether that person was informed of the contents of the papers." *Id*.  The Court accepts the identification of the individual named in the return of service, i.e., "Jane Doe - Mother-in-law" as sufficient for Cummings to be able to determine the person who was at his residence when the papers were left there by the process server.  *See, e.g., Magazine v. Bedoya*, 475 So. 2d 1035 (Fla. 3rd Dist. Ct. App. 1985) ("A presumption of valid service arises from evidence of a return of service which is regular on its face.").

Nevertheless, Cummings may challenge service of process in this matter should he choose to enter an appearance.  **The Clerk of Court is directed to mail a copy of this Order to Cummings at 125 Springlake Hills, Altamonte Springs, Florida 32714.**  *See* Doc. No. 6.  Should Cummings fail to appear, or to challenge the sufficiency of service in this matter, a default judgment may be entered against him.

It appears that Chapters on Park, LLC (Chapters) has been properly served in this matter.  Doc. No. 7.  Thus, the Clerk of Court is directed to enter a default against Cummings and Chapters.

**DONE** and **ORDERED** in Orlando, Florida on September 12, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties