## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

SHAWN BREUNLE,

Plaintiff,

-vs-                                          Case No.  6:05-cv-1071-Orl-28KRS

CHAPTERS ON PARK, LLC, WALTER
CUMMINGS, JR.,

Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 23)** |
| **FILED:** | **November 23, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I.    PROCEDURAL BACKGROUND.

Plaintiff Shawn Breunle sued Defendants Chapters on Park, LLC, and Walter Cummins,

Jr.,[1] alleging that they failed to pay him overtime compensation and minimum wages as required

by the Fair Labor Standards Act (FLSA), and that they failed to pay him wages under Chapter 448,

_____

[1] The Complaint incorrectly spells the Defendant's name as Cummings.  *See* Doc. No. 11.

Florida Statutes.  Specifically, Breunle alleges in Count One that Chapters on Park and Cummins failed to pay him for overtime work he performed in violation of the FLSA.  Doc. No. 1 ¶¶ 11-14. He alleges in Count II that the defendants failed to pay him minimum wages under the FLSA for work performed during several weeks before and during January, 2005.  Doc. No. 1 ¶¶ 16-20.  He alleges in Count III that the defendants failed to pay him any compensation at all for a number of weeks, and seeks recovery under Chapter 448, Florida Statutes.[2]  Doc. No. 1 ¶¶ 22-24.

Both of the defendants were served with the Complaint.  Doc. Nos. 6–7.  Neither of the defendants appeared or answered the complaint.  Accordingly, in response to a motion filed by Breunle, I ordered the Clerk of Court to enter a default against both of the defendants, which was entered on September 13, 2005.  Doc. Nos. 9–10.  On September 14, Cummins, representing himself, filed an opposition to the motion for clerk's default, doc. no. 11, and on September 27, moved to set aside the clerk's default, doc. no. 13.  On September 29, I entered an order setting aside the Clerk's default against him (but not Chapters on Park).  Doc. No. 15.  On October 11, Cummins filed an Answer that asserted a number of counterclaims.  Doc. No. 16.

On November 23, 2005, Breunle filed the present motion for default final judgment against Chapters on Park, and the matter was referred to me.  Doc. No. 23.

---

[2] While the Complaint alleges that Defendants failed to pay an "agreed upon wage[]," it does not purport to assert a cause of action for breach of contract.  Doc. No. 1. ¶ 23.  Rather, the only cause of action asserted is under Chapter 448, Florida Statutes.

## II.      STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the plaintiff's complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in a complaint to determine whether a plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The defaulting defendant does not admit the amount of damages to be awarded. *See Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). The plaintiff has the burden of proving the amount of damages to be awarded. When the employer has violated his duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed the work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence." *Id.*

### III.    ALLEGATIONS OF THE COMPLAINT.

Chapters on Park is a Florida corporation operating in Orange County, Florida, and is an enterprise covered by the FLSA.  Doc. No. 1 ¶¶ 2, 6.  Cummins owned and operated Chapters on Park.  *Id*. at 3.

Bruenle was a clerical employee of one of the defendants from an unspecified date through approximate January 2005.  *Id.* ¶¶ 1, 17.  Bruenle was not paid minimum wage for all of the time he worked, and he was not paid one and one-half times his regular rate of pay for all hours worked in excess of forty in any given work week.  *Id.* ¶¶ 7-8, 19.  Bruenle was also not paid certain, unspecified commissions.  *Id.* ¶ 4. Chapters on Park acted willfully in failing to pay the minimum wage and overtime compensation required by the FLSA. *Id.* ¶¶ 12, 18.

### IV.    ANALYSIS.

Default has been entered only against Chapters on Park; Cummins successfully moved to set aside the clerk's default as against him and is presently litigating this case.  Therefore, the present motion seeks default judgment only against Chapters on Park.

Employers sued in FLSA suits can be jointly and severally liable with the employing company for violation of the FLSA. *See Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.") Therefore, entering a default judgment against only one of the defendants in this case raises the possibility of inconsistent judgments should Cummins successfully defend against the Complaint.  The possibility of inconsistent judgments should be

-4-

avoided whenever possible. *See, e.g., Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

Because such inconsistencies are to be avoided, I respectfully recommended that the Court decline to enter a default judgment against Chapters on Park at this time.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 13, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy