**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SHAWN BREUNLE,**

            **Plaintiff,**

-vs-                                      **Case No. 6:05-cv-1071-Orl-28KRS**

**CHAPTERS ON PARK, LLC, WALTER CUMMINGS, JR.,**

            **Defendants.**

___

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on Plaintiff's Motion to Dismiss Defendant's Counterclaims for Lack of Subject Matter Jurisdiction, doc. no. 25, and Defendant Walter M. Cummins, Jr.'s "Memorandum Contra Plaintiff/Cross Defendant's Motion to Dismiss Defendant/Cross Plaintiff's Counterclaims[,]" doc. no. 26. This matter was referred to me for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b).

**I.   PROCEDURAL HISTORY.**

On July 20, 2005, Shawn Breunle filed a complaint against Chapters on Park, LLC (Chapters), and Walter M. Cummins, Jr. (collectively "the defendants"), alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and Chapter 448 of the Florida Statutes. Doc. No. 1. Thereafter, Cummins filed an answer on behalf of himself,

in which he asserted several state-law counterclaims against Breunle. Doc. No. 16.[1] Specifically, Cummins asserted counterclaims for: (1) "Breach of Initial Agreement"; (2) "Breach of Investment Agreement"; (3) "Fraud in the Inducement; Initial Agreement"; (4) "Fraud in the Inducement; Investment Agreement"; (5) Tortious Interference with Lease Contract"; (6) "Repayment of Loan"; (7) "Civil Conversion"; (8) "Criminal False Entry"; (9) "Criminal Delivery of Bad Checks"; and (10) "Criminal Theft[.]" *Id.* at 4-15.

On December 1, 2005, Breunle filed the instant motion requesting that the Court decline to exercise supplemental jurisdiction over Cummins' state-law counterclaims. Doc. No. 25.[2]

## II.     STANDARD OF REVIEW.

At this stage in the proceedings, I am compelled to question whether the Court should exercise supplemental jurisdiction over Cummins' state-law counterclaims *and* Breunle's state-law claim for unpaid wages under Chapter 448. This Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 over all state-law claims that arise out of a common nucleus of operative fact with a substantial federal claim. *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724-25 (1966)). The Court may decline to exercise supplemental jurisdiction over a claim arising under state law in the following circumstances:

(1)     the claim raises a novel or complex issue of State law,

---

[1] A clerk's default was entered against Chapters on September 13, 2005. Doc. Nos. 10, 15.

[2] Although Breunle's motion is styled as a motion to dismiss for "lack of subject matter jurisdiction," it specifically requests that the Court "decline to exercise supplemental jurisdiction over Defendant's state court claims, and dismiss same from this action." Doc. No. 25 at 3. Hence, I will treat the motion as a request for the Court to decline to exercise supplemental jurisdiction over Cummins' state-law counterclaims pursuant to 28 U.S.C. § 1367(c).

   (2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

   (3)  the district court has dismissed all claims over which it has original jurisdiction, or

   (4)  in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Whether to exercise supplemental jurisdiction over state-law claims is inherently a fact-specific inquiry. *See, e.g., Lyon v. Whisman*, 45 F.3d 758 (3d Cir. 1995).

### III. ANALYSIS.

  A. *State-Law Counterclaims*.

As noted above, Cummins asserted a host of state-law counterclaims against Breunle in this action, some of which appear to be based on Florida common law, and others which appear to be statutory in origin. Many of these counterclaims are premised upon Breunle's alleged breach of certain agreements and misrepresentations concerning those agreements. Doc. No. 16.

A thorough review of the allegations set forth in support of Cummins' state-law counterclaims reveals that these claims involve issues that are both factually and legally distinct from the question of whether the defendants paid Breunle the minimum wage and overtime compensation required by the FLSA. *See Lyon*, 45 F.3d at 763-64. As such, Cummins has not established that his counterclaims arise from a common nucleus of operative fact, which is required before the Court could exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(a).

In addition, the myriad of issues incident to Cummins' state- law counterclaims substantially predominate over Breunle's relatively narrow FLSA claim and would undoubtedly result in potential jury confusion. *See, e.g.,* 28 U.S.C. § 1367(c)(2); *Krause v. Cherry Hill Fire District 13*, 969 F. Supp.

270, 283 (D.N.J. 1997). Moreover, Cummins indicated in his response to Breunle's motion to dismiss that he would be more comfortable and better suited to litigate these claims in state court, where he is licensed to practice. Doc. No. 26 at 1.

Hence, I respectfully recommend that the Court dismiss the state law counterclaims.

B.   *Breunle's State-Law Claim for Unpaid Wages under Chapter 448 of the Florida Statutes*.

Breunle's state-law claim for unpaid wages appears to be premised on his allegation that Chapters "wrongfully deprived [him] of wages to which he was lawfully entitled." Doc. 1 at 4. The Florida statutory provision that Breunle relies upon in his complaint – "Chapter 448 of the Florida Statutes" – is entirely distinct from the FLSA. Indeed, it appears that Chapter 448 may not provide a private right of action to collect unpaid wages. *See, e.g.*, *Quaker Oats Co. v. Jewell*, 818 So. 2d 574, 575 (Fla. 5th Dist. Ct. App. 2002) (finding that Florida Stat. § 448.01 does not apply to hourly employees and expressing concern with the vagueness of the statute). Thus, whether Breunle's claim for unpaid wages under Chapter 448 of the Florida Statutes even states a cause of action raises "a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1). Accordingly, under these circumstances, I respectfully recommend that the Court decline to exercise supplemental jurisdiction over this claim under 28 U.S.C. § 1367(c)(1).

Breunle may bring his state-law claim – indeed, may bring all of his claims – in state court should he seek to have the matters resolved in one forum. As such, there is no unfairness or inconvenience to the parties and judicial economy will be served by permitting the state-law claims to be fully litigated in state court.

**IV.     RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that Plaintiff's Motion to Dismiss Defendant's Counterclaims for Lack of Subject Matter Jurisdiction (doc. no. 25) be **GRANTED**. I further recommend that the Court decline to exercise supplemental jurisdiction over Breunle's state-law claim for unpaid wages under Florida Statutes, Chapter 448 pursuant to 28 U.S.C. §1367(c)(2).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 30, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Chaptersies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
District Courtroom Deputy