**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SHAWN BREUNLE,**

                  **Plaintiff,**

**-vs-**                                                   **Case No.  6:05-cv-1071-Orl-28KRS**

**CHAPTERS ON PARK, LLC, WALTER**
**CUMMINGS, JR.,**

                  **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **NOTICE OF FILING AND MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGMENT (Doc. No. 49)**
>
> **FILED:** June 21, 2007

      Plaintiff Shawn Breunle and Defendants Chapters on Park LLC and Walter Cummings Jr., jointly request that the Court approve their settlement of this case, and enter the settlement agreement as a stipulated final judgment.  Doc. No. 49.

      This case was brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* In *Lynn's Food Stores, Inc. v. United States*, the United States Court of Appeals for the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages, or when the district court

enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d 1350, 1352-55 (11th Cir. 1982).

Under the terms of the settlement agreement, which is attached at doc. no. 49-2, Breunle will receive $500.00 to settle his claims. In his answers to Court interrogatories, Breunle estimated his damages to be $7,854.00, *see* doc. no. 21; however, Breunle "has confirmed that $500.00 resolves his claims in full without compromise in light of Defendant's assertion that [Breunle] was not in fact an employee of Defendant, and that [Breunle] was possibly managerially exempt from the overtime requirements of the FLSA." Doc. No. 49 at 3. Additionally, the defendants have agreed to release all counterclaims against Breunle. *Id*. While the counterclaims were dismissed for want of jurisdiction, doc. no. 39, they were nevertheless substantial claims that could have been brought in state court, *see* doc. no. 8 (asserting ten counterclaims).

Based on the serious questions raised by discovery in this case, and on the release of potentially substantial counterclaims, I conclude that the proposed settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA and recommend that the Court approve the settlement.

However, paragraph 2D of the settlement agreement contains a confidentiality agreement that should not be approved by the Court. Doc. No. 49-2. In order for the settlement agreement to be approved, it was necessarily filed in the public record in this case. As such, the settlement agreement is no longer confidential.

Accordingly, I respectfully recommend that the Notice of Filing and Motion for Approval of Settlement Agreement as Stipulated Final Judgment, doc. no. 49, be **GRANTED in part**, and that the Court approve the Settlement Agreement, doc. no. 49-2, but not enter it as a stipulated

judgment for the reasons discussed above. Thereafter, I recommend that the Court direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 26, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy